**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Jason Augustiniak, | No. CV-18-03977-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On November 8, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On January 24, 2020, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 14.) Afterward, Petitioner filed objections to the R&R (Doc. 15) and Respondents filed a response (Doc. 16). For the following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and terminate this action.

I.    <u>Background</u>

Petitioner was indicted on federal racketeering changes in 2003 but those charges were dismissed in 2006. (Doc. 14 at 2.) At the time of the dismissal, Petitioner had spent 841 days in federal custody. (*Id.*)

In 2007, Petitioner was indicted on an array of state charges, including murder, kidnapping, and assisting a criminal street gang. (*Id.*) In 2011, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of second-degree murder. (*Id.*) The plea agreement stipulated to a "flat time" sentence of between 22 and 25 years in prison. (*Id.*)

Petitioner later tried to withdraw his plea, based on claims of involuntariness and ineffective assistance, but the motion was denied. (*Id.* at 3.) In 2012, Petitioner was sentenced to 23.5 years in state prison. (*Id.*)

Petitioner then sought post-conviction relief ("PCR"). (*Id.*) In February 2015, "the parties stipulated that Petitioner would re-enter a guilty plea to Second Degree Murder with a stipulation to a new sentence of 20.5 years (flat time) and community supervision upon his release. The court vacated the prior plea and sentence, accepted Petitioner's new plea, and sentenced him as stipulated. The court found Petitioner was entitled to 841 days of presentence incarceration credit for the time he spent in federal custody." (*Id.*, citations omitted).

In April 2015, Respondents filed a petition for review with the Arizona Court of Appeals. (*Id.* at 4.) In July 2017, that court concluded Petitioner was not entitled to presentence incarceration credit for the time spent in federal custody. (*Id.*) The Arizona Supreme Court subsequently denied Petitioner's petition for review. (*Id.*)

In November 2018, Petitioner filed the Petition. (*Id.*) Although Petitioner initially raised three claims, he later moved to dismiss two of them. (*Id.* at 4-5.) His sole remaining claim is that the Arizona Court of Appeals violated his federal due process rights, the Double Jeopardy Clause of the Constitution, and federal sentencing laws by refusing to give him presentence incarceration credit for the 841 days he spent in federal custody. (*Id.*)

The R&R concludes this claim must be denied because "[t]he decision to deny [Petitioner] presentence incarceration credit was decided under Arizona law" and a "challenge to [a] state court's application of presentence-credit law is not cognizable on federal habeas review." (*Id.* at 5-6.) In support of this conclusion, the R&R cites an array of decisions by other judges in this district rejecting § 2254 claims premised on challenges to the calculation of presentence incarceration credit. (*Id.*)[1] The R&R acknowledges the

---

[1] The cited decisions are *Morgan v. Ryan*, 2017 WL 131570, *1 (D. Ariz. 2017) ("[T]he issue of presentence incarceration credit is a state-law matter and any alleged error in the interpretation or application of state law cannot serve as a basis for habeas relief."), *Robinson v. Arizona*, 2015 WL 4480856, *3-4 (D. Ariz. 2015) (habeas petitioner's claim that "he is 'in custody in violation of the Constitution or laws or treaties of the United States' because the trial court did not give him credit for time served on supervised

existence of one 14-year-old unpublished district court order that suggested a state prisoner could raise a federal due process-based challenge to the denial of presentence incarceration credit,[2] but it concludes that Petitioner cannot prevail on such a theory because (1) a habeas petitioner cannot transform a state-law issue into a federal issue by relabeling it a due process violation and (2) the challenged ruling here wasn't sufficiently egregious to shock the conscience or otherwise amount to a due process violation because the charge that resulted in the time spent in federal custody (racketeering) has different elements than the state-law crime to which Petitioner pleaded guilty (murder). (*Id.* at 6-7.)

II. Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as

---

probation or in county jail when it sentenced him to prison . . . does not sufficiently allege a federal claim and, therefore, is not cognizable on federal habeas corpus review"), and *Elliot v. Ryan*, 2011 WL 4829407, *1 (D. Ariz. 2011) (adopting recommendation to deny habeas petition "claiming Petitioner's Fifth and Fourteenth Amendment rights were violated by the denial of presentence incarceration credit against his Arizona sentences for the 14 months he spent in federal prison in Florida").

[2] *Conway v. Schriro*, 2006 WL 3063643, *8 (D. Ariz. 2006).

would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[3]

III.  The Objections

In his written objections, Petitioner begins by generically "object[ing] to all adverse rulings in the . . . R&R" and attempting to incorporate by reference various arguments he made in earlier case filings. (Doc. 15 at 1-2.) This approach is improper—as noted, a district court need only review specific objections to the R&R.

Next, Petitioner challenges the R&R's conclusion that a miscalculation of presentence incarceration credit is a state-law issue that is not cognizable in a habeas proceeding. (Doc. 15 at 3.) Citing *Christian v. Rhode*, 41 F.3d 461 (9th Cir. 1994), he contends that "misapplication of a state's sentencing laws <u>could</u> justify federal habeas relief." (*Id.*, emphasis in original.)

Last, Petitioner challenges the R&R's conclusion that the Arizona Court of Appeals' decision wasn't so obviously wrong as to shock the conscience or result in fundamental unfairness. (*Id.* at 4-5.) He contends that because his federal racketeering charge "was not based on drug dealing or gun running" and was instead "based on ARS 13-1104," which is the same crime to which he pleaded guilty, it follows that "'but for' the state murder offense, the Petitioner would not have been in federal custody for 841 days." (*Id.*)

Respondents do not address, with any specificity, Petitioner's first argument concerning *Christian*. Instead, they repeat the citations contained in the R&R concerning the non-cognizable nature of habeas claims pertaining to presentence incarceration credit. (Doc. 16 at 1-2.) As for Petitioner's second argument, Respondents argue that Petitioner "conflates the factual basis for his charges with the distinct elements of each offense. Without the racketeering aspect of his charge, he would not have been subject to federal custody. A 'mere' murder is precisely the type of crime that involves a state's general

---

[3] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

| | |
|---|---|
|1| police powers, which generally does not subject a defendant to federal custody unless there |
|2| is some kind of federal 'hook.' In this case, the federal 'hook' was the racketeering aspect |
|3| of the murder, meaning the fact that it was done to further a criminal enterprise (the Hells |
|4| Angels Motorcycle Club of Arizona). This element (racketeering) is entirely missing from |
|5| Arizona's murder statute, which means that they are two distinct crimes (as the Magistrate |
|6| and the state courts pointed out), which means that he is not entitled to presentence |
|7| incarceration credit for time spent in federal custody."). (*Id.* at 2-3.) |
|8| Petitioner did not file a reply. |
|9| IV.  <u>Analysis</u> |
|10| Petitioner's objections to the R&R will be overruled. First, the Court agrees with |
|11| the R&R's conclusion that Petitioner's challenge to the denial of presentence incarceration |
|12| credit is a state-law claim not cognizable on habeas review. Petitioner cannot evade this |
|13| conclusion by repackaging his challenge as a due process claim. *Langford v. Day*, 110 |
|14| F.3d 1380, 1389 (9th Cir. 1996) ("[A petitioner] may not, however, transform a state-law |
|15| issue into a federal one merely by asserting a violation of due process. We accept a state |
|16| court's interpretation of state law, and alleged errors in the application of state law are not |
|17| cognizable in federal habeas corpus."). *Rhode* does not compel a different conclusion. It |
|18| is a pre-AEDPA decision that didn't involve presentence incarceration credit. As the R&R |
|19| notes, "[n]either party has directed this Court to clearly established federal law holding that |
|20| incorrect state-law decisions regarding presentence credit can amount to a due process |
|21| violation. Instead, several courts have determined there is no constitutional right to |
|22| presentence credit." (Doc. 14 at 6 n.2) |
|23| Second, even if Petitioner's claim were theoretically cognizable, he is not entitled |
|24| to relief on the merits. The rule in Arizona is that presentence credit should be afforded |
|25| for "'[a]ll time' spent in custody pursuant to an Arizona offense . . . [but] is unavailable for |
|26| time served based on a charge other than that for which the defendant is being sentenced, |
|27| because such incarceration is not 'pursuant to' the relevant offense." *State v. Cecena*, 334 |
|28| P.3d 1282, 1284 (Ariz. Ct. App. 2014) (citations omitted). "As long as the foreign |

incarceration is pursuant to the Arizona charge for which he or she is being sentenced, a defendant should be entitled to credit for presentence incarceration." *Id.*

In *Cecena*, the defendant fled to Mexico after being charged in state court with sexual abuse of a child. *Id.* at 1283. He was convicted in absentia in September 2010, arrested in Mexico in July 2012, and then extradited to Arizona in May 2013 for sentencing. *Id.* at 1283. The issue on appeal was whether the defendant should receive presentence incarceration credit for the time he spent in Mexican jail. *Id.* at 1283-84. The *Cecena* court concluded the record was insufficiently developed to resolve this issue because neither party had introduced evidence showing *why* Mexican authorities had arrested the defendant in July 2012—although the trial court had issued a bench warrant for the defendant's arrest following the September 2010 trial, "Cecena never actually asserted before the trial judge that his detention in Mexico was pursuant to the September 2010 arrest warrant." *Id.* at 1285. Thus, the appellate court "remand[ed] this case for further findings on . . . whether [Cecena's incarceration in Mexico] was pursuant to the Arizona charge of continuous sexual abuse of a minor." *Id.* at 1285-86. The court also suggested, in a parenthetical, that the defendant would not be entitled to credit unless his "foreign incarceration was solely on account of in-state charge." *Id.* at 1286 (citation omitted).

Here, unlike in *Cecena*, there is no possibility that Petitioner was arrested by federal authorities "pursuant to" the Arizona charge to which Petitioner ultimately pleaded guilty. The federal arrest occurred in 2003, yet the state charges weren't even initiated until 2007. Although it's true that the federal racketeering statute incorporates some state laws by reference, *Cecena* suggests that presentence credit is available only when out-of-jurisdiction incarceration occurs at the behest of Arizona authorities due to a pending state-law charge. *Id.* at 1285 (suggesting that credit could also apply if foreign arrest was the "result of a formal hold or detainer" or pursuant to a provisional arrest warrant). Under that logic, there is no reason to provide presentence incarceration credit based on time spent in custody on a federal racketeering charge—such a charge may be pursued by federal authorities without the assent or request of the state whose criminal laws are incorporated

by reference.[4]

Finally, and in any event, Petitioner has not identified any cases from Arizona (or any other jurisdiction) holding or even suggesting that presentence incarceration credit is required under these somewhat unusual circumstances. Thus, Petitioner cannot establish (as he concedes he must) that the alleged error was so palpably and obviously wrong as to violate notions of fundamental fairness and warrant habeas relief. (Doc. 15 at 3 ["All parties agree that the Arizona Court of Appeals['] ruling must 'shock the conscience' and be so 'arbitrary and fundamentally unfair' that it violated federal due process."].).

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 14) is **accepted**.

(2) The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 7th day of April, 2020.

_____
Dominic W. Lanza
United States District Judge

---

[4] *See generally State v. Augustiniak*, 2017 WL 2871588, *3 (Ariz. Ct. App. 2017) ("[T]here is no evidence the State asked federal authorities to initiate, maintain, or otherwise prolong Augustiniak's federal custody as a result of any Arizona offense for which Augustiniak was convicted. Therefore, Augustiniak did not spend any time in federal custody 'pursuant to' an Arizona offense that resulted in the underlying conviction and sentence. That some of the federal racketeering charges were based, in part, upon the same murder for which Augustiniak later pleaded guilty is of no consequence.").